UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZEBEDEE LOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1390** |
| **JEFFERY TRAVIS, WARDEN RCC** | **SECTION "I"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C),** and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

**I.     Status of the Current Petition**

As will be discussed in this report, the petitioner, Zebedee Lott ("Lott"), filed an earlier habeas corpus petition challenging the same conviction and sentence.[2]  The petition is pending before the Court, and there has been no final resolution of the claims remaining therein. The current

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] *Zebedee Lott v. James D. Miller, Warden*, Civ. Action No. 05-6046 "I"(4) (E.D. La.).

petition, however, is not a prohibited second or successive petition which would require certification by the Circuit Court prior to consideration in this Court.  28 U.S.C. § 2244(b)(3).

Title 28 U.S.C. §§ 2244(b)(1) and (2) provide for the dismissal of any new or previously raised claim presented in a second or successive Section 2254 habeas corpus petition.  Like other circuits, the United States Fifth Circuit Court of Appeals has recognized that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, did not define the phrase "second or successive" found in 28 U.S.C. § 2244.  For guidance, the United States Fifth Circuit has turned to pre-AEDPA law defining those same terms under Rule 9(b) of the Rules Governing § 2254 Cases:

> Section 2244(b) does not define "second or successive" petition.  The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege a new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."  Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), <u>nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.</u>

*In re Gasery*, 116 F.3d 1051 (5th Cir. 1997) (emphasis added) (citation omitted).

The Fifth Circuit has consistently held that an adjudication <u>on the merits</u> is necessary before a subsequent petition is considered "second or successive."  *See Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000) (when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) (subsequent filing not successive when prior filing was dismissed without prejudice)), *cert. dism.*, 531 U.S. 1134 (2001); *Graham v. Johnson*, 168 F.3d 762 (5th Cir. 1999) ("Under current law, however, it is clear that an application <u>filed after a previous application was fully adjudicated on the merits</u> is a second or successive

application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." (emphasis added)), *cert. denied*, 529 U.S. 1097 (2000). However, the Fifth Circuit also has made clear that under AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Under these guidelines, Lott's instant petition is not a prohibited second or successive petition. The prior petition in Civ. Action 05-6046"I"(4) is still pending resolution before the Court. As of this writing, there has been no final adjudication on the merits of that petition.

## II.  Factual Background

Lott is incarcerated in the B.B. "Sixty" Rayburn Correctional Center (f/k/a Washington Correctional Institute) in Angie, Louisiana.[3] On March 21, 2000, Lott was charged by Bill of Information in St. Tammany Parish with simple escape ("Count One"), theft of property valued over $500 ("Count Two"), and simple criminal damage to property valued over $500 ("Count Three").[4]

On June 27, 2000, the State moved to sever Counts Two and Three for trial purposes.[5] Jury selection for the trial on Count One began that day.[6] After the jury was selected and sworn, the State withdrew its motion to sever and was allowed to amend Count Three to simple criminal damage to property valued less than $500.[7] Lott then entered a plea of guilty to all three counts as amended.[8]

---

[3] Rec. Doc. No. 1.

[4] St. Rec. Vol. 1 of 4, Bill of Information, 1/22/00.

[5] St. Rec. Vol. 1 of 4, Bill of Information, 1/22/00 (handwritten amendments); Trial Minutes (3 pages), 6/27/00.

[6] St. Rec. Vol. 1 of 4, Trial Minutes (3 pages), 6/27/00; St. Rec. Vol. 2 of 4, Trial Transcript, 6/27/00.

[7] St. Rec. Vol. 1 of 4, Trial Minutes (3 pages), 6/27/00; St. Rec. Vol. 2 of 4, Boykin Transcript, 6/27/00.

[8] St. Rec. Vol. 1 of 4, Trial Minutes (3 pages), 6/27/00.

The State filed a multiple bill on June 28, 2000, to which Lott also entered a plea of guilty.[9] On October 6, 2000, the Trial Court resentenced Lott as a fifth offender on Count One to serve 30 years with credit for time served.[10]

On October 11, 2000, Lott's counsel filed a Motion to Reconsider that sentence which was granted by the Trial Court on November 2, 2000.[11] The court resentenced Lott to 25 years on Count One as a multiple offender. The Court also sentenced Lott to serve five years as to Count Two and six months as to Count Three, with credit for time served and concurrent with the other sentence.

On November 3, 2000, Lott filed a *pro se* motion to reconsider the sentence imposed as to Count One.[12] The Trial Court denied the motion on November 10, 2000, as repetitive of the motion heard on November 2, 2000.[13]

On direct appeal, Lott's counsel raised two grounds for relief, alleging that the 25-year sentence imposed on Count One was excessive and that the Trial Court failed to properly advise Lott regarding delays for seeking post conviction relief.[14] Lott also filed a *pro se* supplemental brief addressing the excessiveness of his sentence on Count One.[15]

---

[9] St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 6/28/00; St. Rec. Vol. 2 of 4, Multiple Bill (2 pages), 6/28/00; Boykin Transcript, 6/28/00.

[10] St. Rec. Vol. 1 of 4, Sentencing Minutes, 10/6/00; St. Rec. Vol. 2 of 4, Sentencing Transcript, 10/6/00.

[11] St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/2/00; St. Rec. Vol. 2 of 4, Motion to Reconsider Sentence, 10/11/00; Sentencing Transcript, 11/2/00.

[12] St. Rec. Vol. 2 of 4, Motion for Reconsideration of Sentence, 11/3/00.

[13] St. Rec. Vol. 2 of 4, Trial Court Order, 11/10/00.

[14] St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2000-KA-2832, 9/28/01; *State v. Lott*, 800 So.2d 450 (La. App. 1st Cir. 2001) (Table).

[15] *Id*.

On September 28, 2001, the Louisiana First Circuit Court of Appeal affirmed Lott's conviction and sentence.[16] The Court also directed the Trial Court to notify Lott of the delays for seeking post conviction relief.[17]

Lott sought timely[18] review of the appeal in the Louisiana Supreme Court by Writ Application mailed October 18, 2001 and filed November 3, 2001.[19] While this Writ Application was pending, Lott filed a Motion to Correct Illegal Sentence in the Trial Court on April 18, 2002.[20] The Trial Court denied the motion for being in improper form.[21] Lott also filed a Motion to Vacate an Illegal Multiple Bill Sentence on July 22, 2002.[22] The Trial Court denied this motion without reasons on August 2, 2002.[23]

Thereafter, on October 14, 2002, the Louisiana Supreme Court denied without reasons Lott's Writ Application after direct appeal.[24] His conviction became final 90 days later, on Sunday, January 12, 2003, or the next business day, Monday, January 13, 2003, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999)

---

[16]St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2000-KA-2832, 9/28/01.

[17]The record before the Court does not reflect the Trial Court's action.

[18]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to file a writ application in the Louisiana Supreme Court. His writ application had a postal meter date of October 18, 2001, which was within that period. St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Writ Application, 01-KO-2964, 11/3/01 (postmarked of 10/18/01); *see Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

[19]St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Writ Application, 01-KO-2964, 11/3/01 (postmarked 10/18/01).

[20]St. Rec. Vol. 3 of 4, Motion Correction of Illegal Sentence-Review of Illegal Sentence, 4/18/02.

[21]St. Rec. Vol. 3 of 4, Trial Court Order (undated).

[22]St. Rec. Vol. 3 of 4, Motion to Vacate Multiple Bill Sentence, 7/22/02.

[23]St. Rec. Vol. 3 of 4, Trial Court Order, 8/2/02.

[24]*State v. Lott*, 827 So.2d 414 (La. 2002); St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Order, 2001-KO-2964, 10/14/02.

(period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

### III.    Procedural History

On October 29, 2002, Lott filed a motion seeking to correct or vacate the multiple offender sentence.[25] Lott alleged five grounds for relief: (1) he was not advised of the sentencing range; (2) the Trial Court failed to vacate the original sentence before imposing the multiple offender sentence; (3) the Trial Court failed to give reasons for imposing the 25-year multiple offender sentence on November 2, 2000; (4) the prior simple escape conviction was not final and was an improper predicate offense in the multiple offender proceeding; and (5) the sentence is excessive.  The Trial Court denied the motion at a hearing held on January 9, 2003.[26]  Lott thereafter sought timely review in the Louisiana First Circuit.[27]  The Court denied the application without reasons on May 5, 2003.[28]  Lott did not seek further review of this ruling.

Lott submitted a Memorandum in Support of Application for Post Conviction Relief to the Trial Court on May 26, 2003, which was filed by that court on June 2, 2003, raising four claims:[29] (1)  ineffective assistance of counsel during the multiple bill proceeding for failure to notify him of the sentencing range and failure to present mitigating factors; (2) the Trial Court failed to vacate the

---

[25]St. Rec. Vol. 3 of 4, Motion to Correct and Vacate Illegally Multiple Offender Adjudications, 10/29/02.

[26]St. Rec. Vol. 3 of 4, Minute Entry, 1/9/03.

[27]Louisiana law provides a 30 day period to file for review of a trial court's ruling with the circuit court of appeal. La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922. The Trial Court gave Lott until March 17, 2003, to file for review. *See* St. Rec. Vol. 3 of 4, Notice of Intention to Seek Supervisory Writ, 1/23/03; St. Rec. Suppl. Vol. 1 of 3, 1st Cir. Writ Application, 2003-KW-0369, 2/18/03.

[28]St. Rec. Suppl. Vol. 1 of 2, 1st Cir. Order, 2003-KW-0369, 5/5/03.

[29]St. Rec. Vol. 3 of 4, Memorandum in Support of Application for Post Conviction Relief, 6/2/03 (signed 5/26/03).

original sentence before imposing the multiple offender sentence; (3) the Trial Court failed to consider the sentencing factors provided under La. Code Crim. P. art. 894.1; and (4) the Trial Court erred in using the simple escape conviction in the multiple bill proceeding when the conviction was not yet final.

On June 4, 2004, the Trial Court denied Lott's application, finding that the first and fourth claims, regarding ineffective assistance of counsel and finality of the simple escape conviction, were without merit.[30] The Court also found that the second and third claims, regarding sentencing errors, were barred from review pursuant to La. Code Crim. P. art. 930.3.[31]

Just prior to the issuance of that Order, on June 3, 2004, Lott filed a Memorandum in Support of Reconsideration and Commutation of Sentence.[32] The Trial Court denied the request without reasons on June 21, 2004.[33]

One month later, on July 28, 2004, Lott filed an untimely[34] writ application with the Louisiana First Circuit seeking review of the Trial Court's June 4, 2004 denial of the application for post conviction relief on two claims: (1) ineffective assistance of counsel; and (2) the Trial Court

---

[30]St. Rec. Vol. 3 of 4, Order Dismissing Application for Post Conviction Relief, 6/4/04.

[31]*Id*. La. Code Crim. P. art. 930.3 dictates that claims of excessive sentence or errors in sentencing were not proper grounds for post-conviction relief.

[32]St. Rec. Vol. 3 of 4, Memorandum in Support of Reconsideration and Commutation of Sentence, 6/3/04.

[33]St. Rec. Vol. 3 of 4, Trial Court Order, 6/21/04.

[34]*See* La. App. Rule 4-3 and La. Code Crim. P. art. 922.

failed to give reasons for sentencing on November 2, 2000.[35]  The Court denied Lott's application on September 27, 2004, citing La. Code Crim. P. art. 930.3.[36]

In the meantime, on August 20, 2004, Lott filed another Motion to Correct his multiple offender sentence on August 20, 2004, which the Trial Court denied on October 25, 2004.[37]

On November 9, 2004, Lott submitted an untimely[38] Writ Application to the Louisiana Supreme Court, which was filed on December 1, 2004, challenging the Louisiana First Circuit's September 27, 2004, order.[39]  In this Writ Application, Lott raised only two grounds for relief: (1) ineffective assistance of counsel subjected him to an illegal sentence where counsel failed to provide a factual basis, allowed insufficient evidence to support the multiple bill, and failed to investigate the predicate offense; and (2) the Trial Court failed to give reasons for sentencing in compliance with La. Code Crim. P. art. 894.1.

While this Application was pending, Lott filed another motion challenging his sentence.[40]  The court denied the motion as repetitive of the motion previously heard on October 25, 2004.[41]

---

[35] St. Rec. Suppl. Vol. 1 of 2, 1st Cir. Writ Application, 2004-KW-1732, 7/28/04.

[36] St. Rec. Suppl. Vol. 1 of 2, 1st Cir. Order, 2004-KW-1732, 9/27/04.

[37] St. Rec. Vol. 3 of 4, Motion to Correct An Illegal Multiple Offender Adjudication, 8/20/04; St. Rec. Vol. 3 of 4, Minute Entry, 10/25/04.

[38] Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a writ application in the Louisiana Supreme Court. Though he did not date his signature, the application was postmarked November 9, 2004, and filed December 1, 2004.  Both dates are outside the allowable period.  *See* St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Writ Application, 04-KH-2928, 12/1/04 (postmarked envelope attached, 11/9/04); La. S. Ct. Letter, 2004-KH-2928, 12/1/04 (postmarked 11/9/04); *see Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

[39] St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Writ Application, 04-KH-2928, 12/1/04 (postmarked 11/9/04).

[40] St. Rec. Vol. 3 of 4, Motion to Amend, Modify, and/or Reconsideration of Sentence, 7/7/05.

[41] St. Rec. Vol. 3 of 4, Trial Court Order, 7/13/05.

Lott filed two more similar motions on August 17, 2005, and which the Trial Court denied both motions without reasons by separate orders issued August 23, 2005.[42]

While the latter motions were pending in the Trial Court, the Louisiana Supreme Court denied Lott's post conviction Writ Application without reasons on August 19, 2005.[43]

Lott later filed a Writ Application with the Louisiana First Circuit on September 19, 2005, seeking review of the Trial Court's rulings issued August 23, 2005.[44] The Louisiana First Circuit denied the Writ Application without reasons on November 15, 2005.[45]

On December 7, 2005, Lott filed a federal habeas corpus petition in Civ. Action 05-6046"I"(4) raising four grounds for relief:[46] (1) ineffective assistance of counsel, where counsel did not advise him of the sentencing range or of his rights under *Boykin*; (2) the Trial Court exceeded its jurisdiction by failing to vacate the original sentence before imposing the multiple offender sentence; (3) he was exposed to double jeopardy, because the simple escape conviction was not yet final at the time of the multiple offender hearing; (4) the 25-year multiple offender sentence was excessive and the Trial Court failed to provide reasons for it, as required under La. Code Crim. P. art. 894.1.

---

[42]St. Rec. Vol. 3 of 4, Motion to Vacate an Illegal Multiple Bill, 8/17/05; Motion for Reconsideration of Sentence, 8/17/05; Trial Court Order, 8/23/05; Trial Court Order (2), 8/23/05.

[43]*State ex rel. Lott v. State*, 908 So.2d 660 (La. 2005); St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Order, 2004-KA-2928, 8/19/05.

[44]The record does not contain a copy of this Writ Application. The filing date of September 19, 2005, for Writ Application No. 2005-KW-2036 was obtained from the Office of the Clerk for the Louisiana First Circuit.

[45]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2005-KW-2036, 11/15/05.

[46]Civ. Action 05-6046"I"(4), Rec. Doc. No. 1.

After recommendation by the undersigned that the petition be dismissed for failure to exhaust state court remedies, on March 19, 2007, the District Court allowed Lott to dismiss the three unexhausted claims:[47] (1) ineffective assistance of counsel for failure to assure that he received notice of his rights under *Boykin*; (2) the Trial Court exceeded its jurisdiction, because it never vacated the original sentence before imposing the multiple bill sentence; and (3) the petitioner was exposed to double jeopardy when he was sentenced as a multiple offender based on the simple escape conviction that was not final. As noted above, as of this writing, the matter remains pending on the recommendation of dismissal of the two remaining exhausted claims.[48]

In the meantime, on January 24, 2006, Lott filed another Motion to Amend or Modify Sentence which the Trial Court denied at in open court on March 9, 2006.[49] Four months later, Lott returned to the Trial Court on July 11, 2006, with a motion seeking retroactive application of changes in Louisiana sentencing statutes.[50] The Trial Court denied the motion at a hearing held December 14, 2006.[51]

Undaunted, Lott filed another motion seeking to amend or modify his sentence with the Trial Court on January 29, 2007.[52] The Trial Court denied the motion on February 6, 2007.[53]

---

[47]Civ. Action 05-6046"I"(4), Rec. Doc. Nos. 12, 13, and 14.

[48]Civ. Action 05-6046"I"(4), Rec. Doc. No. 15.

[49]St. Rec. Vol. 3 of 4, Motion to Amend or Modify Sentence, 1/24/06; Minute Entry, 3/9/06.

[50]St. Rec. Vol. 3 of 4, Motion for Retroactive Application of Recently Enacted LSA-RS 15:308 and art. 822(c), 7/11/06.

[51]St. Rec. Vol. 3 of 4, Minute Entry, 12/14/06.

[52]St. Rec. Vol. 3 of 4, Motion to Amend or Modify Sentence, 1/29/07.

[53]St. Rec. Vol. 3 of 4, Trial Court Order, 2/6/07.

Almost two months later, on April 2, 2007, Lott filed another motion for reconsideration of his sentence.[54] The Trial Court denied the motion on April 9, 2007.[55] His motion for out of time reconsideration of the sentence was filed and denied on May 16, 2007.[56]

In the meantime, one month after dismissal of his claims for failure to exhaust in the prior federal petition on March 17, 2007, Lott submitted a writ application in the Louisiana Supreme Court on April 19, 2007, which was filed in that Court on May 17, 2007, raising three grounds for relief:[57] (1) the petitioner should not have been sentenced as a multiple offender based on the simple escape conviction that was not final; (2) the Trial Court never vacated the original sentence before imposing the multiple bill sentence; and (3) ineffective assistance of counsel for failure to assure that he received notice of his rights under *Boykin*.

While this writ was pending, Lott filed in the Trial Court three more motions to reconsider, correct, amend, or modify his sentence, on July 31, 2007, August 27, 2007, and December 7, 2007.[58] The Trial Court denied each motion by separate orders issued August 1, 2007, September 18, 2007, and February 7, 2008, respectively.[59]

---

[54]St. Rec. Vol. 3 of 4, Motion for Reconsideration, 4/2/07.

[55]St. Rec. Vol. 3 of 4, Trial Court Order, 4/9/07.

[56]St. Rec. Vol. 3 of 4, Motion for Out of Time Reconsideration of Sentence, 5/16/07; Trial Court Order, 5/16/07.

[57]St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Writ Application, 07-KH-1034, 5/17/07 (postmarked 4/19/07).

[58]St. Rec. Vol. 3 of 4, Motion for Reconsideration of Sentence, 7/31/07; Motion to Correct an Illegal Multiple Offender Adjudication, 8/27/07; and Motion to Amend or Modify Sentence, 12/7/07.

[59]St. Rec. Vol. 3 of 4, Trial Court Order, 8/1/07; Trial Court Order, 9/18/07; Trial Court Order, 2/7/08.

Thereafter, on February 15, 2008, the Louisiana Supreme Court denied Lott's pending writ application, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[60]

## IV. Federal Petition

On March 31, 2008, Lott filed a petition for federal habeas corpus relief in which he alleged three grounds for relief:[61] (1) the petitioner should not have been sentenced as a multiple offender based on the simple escape conviction that was not final; (2) the Trial Court never vacated the original sentence before imposing the multiple bill sentence; and (3) ineffective assistance of counsel for failure to assure that he received notice of his rights under *Boykin*. The State filed a response in opposition to Lott's petition alleging that the petition was not timely filed and that he failed to exhaust available state court remedies.[62]

## V. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[63] applies to Lott's petition, which is deemed filed in this Court under the federal

---

[60]*State ex rel. Lott v. State*, 976 So.2d 172 (La. 2008); St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Order, 2007-KH-1034, 2/15/08. In *State ex rel. Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness. At the time of Lott's conviction, Article 930.8 provided a three-year period to file for post-conviction relief in the state courts.

[61]Rec. Doc. No. 1.

[62]Rec. Doc. No. 10.

[63]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

mailbox rule on March 10, 2008.[64]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State has raised timeliness and exhaustion as defenses.  The State has failed to provide any argument or basis for its defense that Lott has not exhausted state remedies as to these claims.  The State also has failed to provide a complete analysis of the timeliness argument, having failed to address the pendency of many of Lott's state court filings.  Nevertheless, the Court finds that Lott's claims are in procedural default, an obvious defense overlooked by the State's response, and the petition can be dismissed for that reason.

The United States Fifth Circuit Court of Appeals has stressed that a federal habeas court must determine as a threshold matter whether procedural default has occurred on any asserted claim. *Nobles*, 127 F.3d at 420.  This Court has discretion to raise procedural default *sua sponte*, provided that the petitioner has notice that the issue is being considered.  *Fisher v. State*, 169 F.3d 295, 301 (5th Cir. 1999); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998).

The record reflects that the State's failure to raise this defense was the result of its inadvertence and apparent unfamiliarity with federal standards of habeas corpus review.  *See Prieto*

---

[64]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Lott's federal habeas petition on March 31, 2008, when the pauper application was granted.  Lott dated his signature on the petition on March 10, 2008.  This is the earliest date on which he could have been submitted the pleadings to prison officials for mailing.

*v. Quaterman*, 456 F.3d 511 (5th Cir. 2006) (*citing Magouirk*, 144 F.3d at 360). Accordingly, **petitioner is hereby specifically advised and instructed that this report and recommendation is notice to him that this court is *sua sponte* raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.** *Magouirk*, 144 F.3d at 350, 360. The Court therefore will address the procedural bar *sua sponte*.

## VI.    Procedural Default

As noted above, Lott has presented three claims in this petition: (1) the petitioner should not have been sentenced as a multiple offender based on the simple escape conviction that was not final; (2) the Trial Court never vacated the original sentence before imposing the multiple bill sentence; and (3) ineffective assistance of counsel for failure to assure that he received notice of his rights under *Boykin*. The record reflects that Lott raised the first two claims and arguably, the third claim, in his Motion to Correct and Vacate Illegal Multiple Offender Adjudication filed on October 29, 2002.[65] The claims were denied by the Trial Court and the Louisiana First Circuit in 2003 without specific reasons discernable from the record. Lott did not seek review of these rulings.

Instead, he brought the claims to the Louisiana Supreme Court in his 2007 writ application which was filed after this Court allowed him to dismiss the claims from his prior federal habeas corpus petition for failure to exhaust. The Louisiana Supreme Court denied relief on these three claims as untimely filed pursuant to La. Code Crim. P. art. 930.8 and used *State ex rel. Glover* as

---

[65]The Court notes that, under a broad reading of that pleading, Lott may have intended to raise this facet of his ineffective assistance of counsel claim in that post-conviction motion. Even if he did not, further need for exhaustion of that claim would be futile since the Louisiana Supreme Court has already barred review of the claim under state law, and the claims may be dismissed for that reason. *See also* Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(2).

the basis for its dismissal.  This was the last reasoned decision on the issues.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).  The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review.  *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338.  This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

In this case, the Louisiana Supreme Court barred review of Lott's claims as untimely under La. Code Crim. P. 930.8.  This Court must consider whether the bar prohibits consideration of the claim on federal habeas corpus review.  For this state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.

### A.     **Independent and Adequate**

For the foregoing state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and

rests solely on a state procedural bar. *Amos*, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Glover*, 128 F.3d at 902.

The United States Fifth Circuit Court of Appeals in *Glover v. Cain* held that denial of relief premised on the untimeliness of a claim under La. Code Crim. P. art. 930.8 "is sufficient to fulfill the independence requirement" of the procedural default doctrine. *Glover*, 128 F.3d at 902. The same is true in this case. The Louisiana Supreme Court's ruling was clear and express in their reliance on Article 930.8 and *State ex rel. Glover* when denying Lott's writ application.

The United States Fifth Circuit has also squarely held that because "Louisiana courts have regularly invoked [Article 930.8] to bar untimely claims," it is an "adequate" rule, *i.e.,* it "is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover*, 128 F.3d at 902 (citing *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); and *Amos*, 61 F.3d at 339).

Because the Louisiana Supreme Court's decision rested on an independent and adequate state rule of procedural default, this Court may not review Lott's federal habeas claims.

### B.     Cause and Prejudice

A federal habeas petitioner may be excepted from the procedural default rule, only if he can show "cause" for his default and "prejudice attributed thereto" or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

In this case, Lott has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. The Court's review of the record does not support a finding that any factor external to the defense prevented Lott from raising the claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Lott's claims are therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural

17

rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[66]

### C. Fundamental Miscarriage of Justice

Lott may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Lott does not present any indication and the record contains nothing that suggests his actual innocence on the underlying convictions. His claims address alleged procedural failings in the underlying criminal proceedings, not his actual innocence. He presents no evidence or argument of the kind of actual innocence that would excuse his procedural default. Lott has failed to

---

[66]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument sua sponte. *Id*.

overcome the procedural bar to his claims. The claims are procedurally barred and can be dismissed with prejudice for that reason.

### VII.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Zebedee Lott's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 31st day of October, 2008.

                                                      **KAREN WELLS ROBY**
                                                **UNITED STATES MAGISTRATE JUDGE**